UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS JOHN WILLIAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE, *et al*,<br><br>                Defendants. | Case No.  C07-5216RBL-KLS<br><br>ORDER TO SHOW CAUSE |

       This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

       A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

       To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

ORDER
Page - 1

1  right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,
2  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section
3  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
4  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

5       Plaintiff also must allege facts showing how individually named defendants caused or personally
6  participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
7  1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
8  responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
9  (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.
10 Palches, 665 F.2d 965, 968 (9th Cir. 1982).

11      Plaintiff names the State of Washington as a defendant in this case. The Eleventh Amendment
12 reads in relevant part:

13     The Judicial power of the United States shall not be construed to extend to any suit in
       law or equity, commenced or prosecuted against one of the United States by Citizens of
14     another State, or by Citizens or Subjects of any Foreign State.

15 U.S. Const. Amend XI. Under the Eleventh Amendment, therefore, a state is not subject to suit by its own
16 citizens in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). The State of Washington thus
17 is immune from liability in this case.

18      Plaintiff alleges in his complaint that Washington State Department of Corrections ("DOC")
19 officials violated his due process rights by not providing a property inventory for his legal and other
20 property during a move between cells pursuant to DOC policy, or properly shipping that property.
21 Complaint, p. 6. Plaintiff further alleges that his First Amendment rights were violated, because he was
22 denied "access to the courts with case numbers and cites," as well as "legal documents in support of
23 motion for certificate of appealability." Id. Both of these claims, however, are deficient.

24      First, plaintiff fails to state which specific, individual defendants are responsible for the harm he
25 alleges. For example, plaintiff names Corrections Officer Hansmeyer as a defendant in the caption of the
26 complaint, but then mentions that defendant nowhere else in the complaint. Plaintiff also claims
27 Corrections Officer Anderson "witnessed" other prisoners pack his cell belongings, but does not show how
28 that defendant actually caused or personally participated in the harm alleged in the above claims.
   Complaint, p. 4. Further, with respect to the due process claim, while plaintiff does allege defendants

ORDER
Page - 2

1  Superintendent Doug Waddington and Property Officer Sargent Sanchez would not "confirm" the need for
2  verification of his property, he does not show either defendant in fact participated in failing to provide the
3  desired property inventory or prevented his property from being shipped. Id.

4  Plaintiff also has failed to allege proper constitutional claims. The Fourteenth Amendment to the
5  United States Constitution provides that "no state shall 'deprive any person of life, liberty, or property
6  without due process of law.'" Toussaint v. McCarthy, 801 F.3d 1080, 1089 (9th Cir. 1986). Thus, plaintiff
7  "must, as a threshold matter, show a government deprivation of life, liberty, or property," to establish a
8  substantive due process claim under the Fourteenth Amendment. Nunez v. City of Los Angeles, 147 F.3d
9  867, 871 (9th Cir. 1998) (absence of claim that liberty or property interest has been impaired is fatal defect
10 in substantive due process argument) (quoting Jeffries v. Turkey Run Consol. Sch. Dist., 492 F.2d 1, 4 (7th
11 Cir. 1974)). Substantive due process forbids the deprivation of life, liberty, or property in such a way that
12 "'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Id. (quoting
13 United States v. Salerno, 481 U.S. 739, 746 (1987)).

14 In the prison context, furthermore, an inmate will be found to have "a liberty interest under the
15 federal constitution when a change occurs in confinement that imposes an 'atypical and significant hardship
16 . . . in relation to the ordinary incidents of prison life.'" Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir.
17 2000) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995); Jackson v. Carey, 353 F.3d 750, 755 (9th Cir.
18 2003). Plaintiff, however, has not shown that defendants' actions actually deprived him of a property
19 interest.[1] That is, while plaintiff does claim his legal property was prevented from being shipped, he does
20 not allege that it was lost or destroyed, that he never received it, or that he even was deprived of it for any
21 particular length of time. In addition, he has failed to show any such deprivation, if it did occur, imposed
22 an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life." Sandin,
23 515 U.S. at 484.

24 With respect to plaintiff's access to the courts claim, inmates do have "a constitutional right of
25 access to the courts." Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995). That right "requires prison
26 authorities to assist inmates in the preparation and filing of meaningful legal papers" by providing them
27 with "adequate law libraries or adequate assistance from persons trained in the law." Lewis v. Casey, 518
28

---

[1] Plaintiff has not claimed a deprivation of life or liberty in his complaint.

1  U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)).  Because "meaningful access
2  to the courts is the touchstone" here, however, to prevail on an access to courts claim, plaintiff must
3  "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to
4  pursue a legal claim." Cornett, 51 F.3d at 897 (citing Bounds, 430 U.S. at 823); see also Lewis, 518 U.S.
5  at 348 (inmate must show inadequacy of prison library or legal assistance program caused actual injury or
6  prejudice such as inability to meet filing deadline or present claim).
7       Plaintiff, for example, might show:
8       [T]hat a complaint he prepared was dismissed for failure to satisfy some technical
        requirement which, because of deficiencies in the prison's legal assistance facilities, he
9       could not have known.  Or that he had suffered arguably actionable harm that he wished
        to bring before the courts, but was so stymied by inadequacies of the law library that he
10      was unable even to file a complaint.
11 Lewis, 518 U.S. at 352.  Plaintiff's claim that he was denied "access to the courts with case numbers and
12 cites," as well as "legal documents in support of motion for certificate of appealability," falls far short of
13 the above required showing.  For example, plaintiff has not shown that he had a case dismissed or that he
14 otherwise was unable to make required court filings.
15      Plaintiff does allege that his federal *habeas corpus* proceedings have been pending for a number of
16 years, and that his placement in segregated housing has made it "difficult to do appellate work."
17 Complaint, p. 5.  However, he does not attribute his placement in segregated housing to any impermissible
18 action on the part of the named defendants, nor does the fact that doing appellate work has been made
19 more difficult for him in itself arise to the level of a constitutional violation without the required showing
20 described above.  The only reason plaintiff provides for the "delay" in his *habeas corpus* proceedings,
21 furthermore, is that the district court removed his court-appointed counsel.  Although he certainly may
22 disagree with the actions of the district court, and, indeed, alleges they were improper, plaintiff implicates
23 none of the named defendants in any such impropriety.
24      Accordingly, due to the deficiencies described above, the Court will not serve the complaint.
25 Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause
26 explaining why this matter should not be dismissed by **no later than June 10, 2007**.  The amended
27 complaint must carry the same case number as this one.  If an amended complaint is not timely filed or if
28 plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as
   frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. §

1 | 1915(g).

2 | Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 10th day of May, 2007.

*[signature]*

Karen L. Strombom
United States Magistrate Judge