UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS JOHN WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE, *et al,*<br><br>        Defendants. | Case No.  C0-07-5216RBL-KLS<br><br>ORDER DIRECTING SERVICE<br>BY UNITED STATES<br>MARSHAL AND PROCEDURES |

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been granted leave to proceed *in forma pauperis*.

On May 10, 2007, the Court ordered plaintiff to file an amended complaint curing the deficiencies noted in his original complaint (Dkt. #1) by June 10, 2007, or show cause why this matter should not be dismissed. (Dkt. #5). On June 7, 2007, plaintiff did file an amended complaint, but that complaint was erroneously treated as a proposed complaint and filed under a new cause number. C07-5285FDB-KLS, (Dkt. #1). On July 23, 2007, the Court granted plaintiff's motion to consolidate the two cases (C07-5285FDB-KLS, (Dkt. #5)), and consolidated that case with this case under this case's cause number. C07-5285FDB-KLS, (Dkt. #6).

The Court, therefore, shall treat the complaint that was filed under cause number C07-5285FDB-KLS, as plaintiff's amended complaint in this case. Accordingly, the Clerk is directed to effect service of that complaint as provided below:

ORDER
Page - 1

(1) <u>Service by United States Marshal</u>.

It is hereby ORDERED that the United States Marshal shall send the following to each named defendant by first class mail: a copy of the amended complaint (C07-5285FDB-JKA, (Dkt. #1)) and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office. All costs of service shall be advanced by the United States. The Clerk shall assemble the necessary documents to effect service.

(2) <u>Response Required</u>

Defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service of Summons. Each defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer or a motion directed to the complaint, as permitted by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12.

Any defendant who fails to timely return the signed Waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Fed. R. Civ. P. 4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

(3) <u>Filing and Service by Parties, Generally</u>.

All original documents and papers submitted for consideration by the Court in this case, and a duplicate of all such papers, are to be filed with the Clerk of this Court. The originals and copies of all such papers shall indicate in the upper right-hand corner the name of the Magistrate Judge to whom the copies are to be delivered. The papers shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting *pro se*). The proof shall show the day and manner of service and may be written acknowledgment of service, by certificate of a member of the bar of this Court, or by affidavit of the person who served the papers.

(4) <u>Motions</u>.

Any request for Court action shall be set forth in a motion, properly filed and served, pursuant to the requirements of Local Rule CR 7. If a party fails to file and serve timely opposition to a motion, the Court may deem any opposition to be without merit.

(5)     Motions for Summary Judgment

If one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party should acquaint him/herself with Fed. R. Civ. P. 56.  Fed. R. Civ. P. 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law.  A nonmoving party may not rest upon the mere allegations or denials of prior pleadings. Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine issue for trial.  Failure by the nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the Court accepting the moving party's evidence as the truth, and entering final judgment in favor of the moving party without a full trial.  Rand v. Rowland, 113 F.3d 1520 (9th Cir. 1997).

(6)     Direct Communications with District Judge or Magistrate Judge

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

(7)     Clerk's Action

The Clerk is directed to send a copy of this Order and of the General Order issued by the Magistrate Judges to plaintiff and to defendants and defendants' counsel, if any.

DATED this 3rd day of August, 2007.

Karen L. Strombom
United States Magistrate Judge