UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARLOS JOHN WILLIAMS,

    Plaintiff,

v.

DOUG WADDINGTON, *et al*,

    Defendants.

Case No. C07-5216RBL-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #17). Plaintiff has been granted *in forma pauperis* status in this case. After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the

1 complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

2     In his motion, plaintiff requests that he be appointed counsel on the basis that he currently is in
3 administrative segregation, and has been there since 2004, that he has no access to a law library or to
4 potential witnesses, and that his claim is highly meritorious.  Plaintiff, however, has failed to show that
5 exceptional circumstances warrant appointment of counsel in this case.  First, notwithstanding plaintiff's
6 statement to the contrary, he has not shown a likelihood of success on the merits.  Nor has he shown the
7 legal issues involved in this case are necessarily complex or that he is unable to articulate his claims pro
8 se, even taking into account his placement in administrative segregation.  While plaintiff claims he has no
9 access to legal resources, he has presented no evidence that such is the case.

10     Accordingly, for all of the above reasons, plaintiff's motion for appointment of counsel (Dkt. #17)
11 hereby is DENIED.

12     The clerk is directed to send a copy of this Order to plaintiff.

13     DATED this 29th day of August, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge